65,555-20

Dr. Alex Melvin Wade, Jr.
Paralegal Specailist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 26 2015

Abel Acosta, Clerk

Cause No.: 65,555,
IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS
AUSTIN, TEXAS

In Re.: ALEX MELVIN WADE, JR.,      )      District Court No.: 1222385-D
Relator.      )      IN THE 185th JUDICIAL DISTRICT COURT
      )      Susan Brown, Presiding
      )      Harris County, Texas
      )

## APPLICANT ALEX MELVIN WADE, JR.,"S SECOND PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICE OF SAID COURT:

Comes Now Alex Melvin WAde, Jr., Relator, pro se, in the above entitled numbered cause of action and files this his Second Petition for Writ of Mandam} the filing of this Petition is pursuant to Vernon's Ann. Texas Const. art. 5, Section 5, where the filing originates from the 185th Judicial District Court Harris County, Texas developing from a Writ of Habeas Corpus filed pursuant to VACCP art. 11.07 and would show the following.:

### I. RELATOR

Alex Melvin Wade, Jr., is an offender incarcerated in the Texas Department of Criminal Justice, (Mark W. Stiles) 3060 FM 3514, Beaumont, Texas and is appearing pro se and who can be located at the above address.

### II. CRIMINAL PROCEEDING

Applicant/Relator was convicted in the 185th Judicial District Court on February 2nd, 2010 for the offense of "attempted theft," of over $200,000.00 (Two Hundred Thousand Dollars). The indictment alleged Western World Insurance

company was the complainant. The Honorable Susan Brown, Presiding sentence Applicant/Relator to 45 years in Texas Department of Criminal Justice on February 3rd, 2015. Relator appeal the conviction. Relator appeal was dismissed by th First Court of Appeals for lack of jurisdiction on September 23, 2010. See, Wade v. State, No. 01-10-00463-CR(Tex. App. - Houston [1st Dist.] September 23, 2010)(not designated for publication)2010 WL 3718409.

Applicant previously filed application for habeas corpus relief, 1222385-A, was dismissed because the mandate had not yet issued.

Applicant previous filed application for habeas corpus relief, 1222385-B, was denied.

Applicant previously filed application for writ of habeas corpus relief, 1222385-C, was dismissed. (Exhibit "A")

Applicant previously filed writ of habeas corpus on February 24th, 2014, is still pending in the 185th Judicial District Court, Harris County, Texas. Through the Harris County, Texas District Attorney's Office, one, Andrew Smith, Post Conviction writ attorney, filed on March 11th, 2014, State's Motion to Designate unresolved issues.

Applicant's unresolved issue of "Actual Innocence," in the primary case was acknowledge along with the unresolved issue of his denial of effective assistance of counsel in the primary case, one of his substantive claims along with three (3) claims of "Prosecutional Misconduct," specifically an alleged "Brady violation." The trial court adopted the State's Proposed Order Designating Issue on March 12th, 2014, some well over 18 months ago.

MINISTERIAL DUTIES FAILURE OF DISTRICT CLERK & DISTRICT COURT

-2-

Texas Legislative creation of Art. 11.073 and Court of Criminal Appeals changes to Texas Rules of Appellate Procedure Rule 73, which are applicable to Art 11.07(writs).

With the changes, the district clerk's office loses discretion, and the trial court have a new deadline.

This new rule came into play September 1st, 2013, the only difference between 11.073 requires the applicant to file is the name.

On December 11, 2013, the Court of Criminal Appeals finalized major changes to Rule 73 effective January 1, 2014. Relator's writ of habeas corpus that brings this matter before the court filed February 24th, 2014 after the date that changes affect of the 11.07 writ process.

Under the new rule changes, the district clerk must now send all Orders Disignating Issues(ODI) to the Court of Appeal once signed by the trial Coourt. Tex. Rules App. Proc. 73.3(b)(1). The Court of Appeals have not received the Order Disignating Issues that was signed by the habeas Judge Susan Brown on March 12th, 2014 this was to be accomplished well within the 18 days that have come and gone since the signing of the ODI.

The Office of Chris Daniel, Clerk, Harris County, Texas has failed to comply with Rule 73, respectively.

The trial court under the Rule have only 180 days from the date the State received the application to resolve the issues. Rule 73.4

The trial court has 145 days (less than five months) to ordewr affidavits and/or hold a hearing, order proposed finding offact/conclusions of law, and resolve the issue.

Relator is not aware of any extention of time granted by the Court of Appeals. Rule 73.3(b)(5), 73.4.

-3-

Relator Alex Melvin Wade, Jr., application 11.07 of actual innocence supported by newly relevant evidence and newly discovered evidence is properly before the court for adjudication of the unresolved issues. Relator contends he has met the criterial for application of "actual innocence," claim. Relator Alex Melvin Wade, Jr., has shown by clear and convincing evidence that he is actually innocence. Relator has presented newly discovered evidence suppresse by the prosecution authorities. Relator has shown the eviodence is an affirmative evidence of innocence and that no rational juror would have found him guilty had it been presented to them.

The State have not refuted nor can the State refute Relator's claim of actual innocence, because there is no complainant in this cause of action.

## CONCLUSION

Relator Alex Melvin Wade, Jr., prays this Honorable Court issue mandamus commanding Chris Daniel, Clerk of the Harris County, Texas District Court comply with Rule 73 of the Texas Rules of Appellate Procedure forthwith and without further ado.

Further, issue mandamus directing at the 185th Judicial District Court to restart the Clock as if the Order Disnating Issues (ODI) was signed on the date of the issuance of the mandamus.

There is no Order attached hereto because it has been the understanding of the undersigned that in matters of this sort, this Honorable Court traditionally writes its own. Thus, the Rule requirements in this regards asked be waived.

Respectfully submitted

Dr. Alex Melvin Wade, Jr.
Paralegal Specialist
Mark W. Stiles
3060 FM 3514
Beaumont, Texas 77705-7638

## APPLICANT ALEX MELVIN WADE, JR.'S DECLARATION IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

I, Alex Melvin Wade, Jr., swear under the penalty of perjury that the facts and allegations contained in the above Application for Writ of Mandamus are true and correct.

_____
Alex Melvin Wade, Jr.,
Declarant

Signed under the penalty of perjury pursuant to Title 28 USC Section 1740 on this 18th day of October 2015.


## CERTIFICATE OF SERVICE

I, Dr. Alex Melvin Wade, Jr., pro se, herein hereby certify a true and correct copy of the above Application for Writ of Mandamus has this ___ day of October 2015 been served upon the Office of Devon Anderson, Harris County, Texas District Attorney at 1201 Franklin Street, Suite 6th Fl., Houston, Texas 77002 by having the same deposited into the Prison Mail Box at Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705-3686, postage prepaid.

_____
Dr. Alex Melvin Wade, Jr.
Attorney of Record

-5-



# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

February 24, 2014

ALEX MELVIN WADE, JR.
#1624189 STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705-7638

RE: CAUSE #1222385-D
185th District Court

Dear Applicant:

Your post conviction application for Writ of Habeas Corpus was received and filed on 02-24-14. Article 11.07 of the Texas code of Criminal Procedure affords the State 15 days in which to answer the application after having been served with said application. After the 15 days allowed the State to answer the application, the Court has 20 days in which it may order the designation of issues to be resolved, if any. If the Court has not entered an order designating issues to be resolved within 35 days after the State having been served with the application, the application will be forwarded to the Court of Criminal Appeals for their consideration pursuant to Article 11.07, Sec. 3 (c) of the Texas Code of Criminal Procedure.

The records of the office reflect the following:

| CAUSE NO. | PETITION FOR WRIT OF HABEAS CORPUS | DISPOSITION |
|-----------|-------------------------------------|-------------|
| 1222385-A | 11-24-10 | DIRECT APPEAL PENDING |
| 1222385-B | 09-07-11 | DENIED |
| 1222385-C | 12-18-13 | DISMISSED |

**All** future correspondence should indicate the above listed cause number.

Sincerely,

Leslie Hernandez, Deputy
Criminal Post Trial

CC: District Attorney
    Judge, Presiding Court

EXHIBIT "A"

1201 FRANKLIN • P.O. BOX 4651 • HOUSTON, TEXAS 77210-4651 • (888) 545-5577

PAGE 1 OF 1                                                      REV. 01-02-04